STATE OF MAINE                                    SUPERIOR COURT
ANDROSCOGGIN, ss.                                 DOCKET NO. CV-10-049

                                                  MGK – AND – 1/5/2011

DAVID THERIAULT,

        Plaintiff
                                      ORDER

v.


HI TECH INSULATION SERVICES,                RECD AUBSC 01/06/11


        Defendant.


        This matter came before the court on Defendant's, Hi Tech Insulation

Services, motion for summary judgment pursuant to M.R. Civ. P. 56. Hearing

was held on the matter on January 4, 2011.

        The core of the Plaintiff's claim is that the Defendant subjected him to an

adverse employment action, namely termination, because he complained to his

supervisor about the brakes in a company truck and that he left the job site so

that he would not have to ride in said vehicle. The Defendant argues that the

Plaintiff's WPA claim fails as a matter of law because the evidence is insufficient

to support an argument that he engaged in an activity protected under the WPA

and that there is insufficient evidence that the adverse employment action was

caused by any such conduct.

                          FACTUAL BACKGROUND

        In 2004, Plaintiff, David Theriault ("Plaintiff"), was hired by the

Defendant as an insulation installer. Thomas Estes is the President and owner of

Hi Tech with the authority to hire and terminate employees. Mr. Estes maintains

a fleet of trucks with assigned drivers, plus an additional two to three spare trucks. It is undisputed that Mr. Estes takes care of his equipment, has regular oil changes on the trucks, and takes pride in how they look. The Plaintiff knew that Mr. Estes would bring a substitute truck to crewmembers at a jobsite if the primary truck was not running right, and also knew that Truck Repair Forms and Problem Reports were widely available to all crewmembers to alleviate the need for emergency truck substitution. (P.R.S.M.F. ¶¶ 10-13.) In fact, prior to the event in question, the Plaintiff never experienced Mr. Estes doing anything he felt was unsafe. (P.R.S.M.F. ¶ 9).

Mr. Estes allows crewmembers to take company trucks home. Ever since the Plaintiff lost his driver's license for an OUI on April 16, 2006, and with it his access to an assigned truck, Mr. Estes has arranged for another driver to take Plaintiff to and from work every day. This was not done for anyone else. The drivers who do not take a truck home select any available truck each work morning.

*Prior Disciplinary Actions*

On March 6, 2007, Plaintiff was given a warning after he continued to smoke in a truck driven by a co-worker who did not want to be around smoke. On August 2, 2007, the Plaintiff was counseled about "running his mouth" at job sites. On January 17, 2008, Plaintiff received a warning for speaking negatively to other company's employees.

*The Incident*

On July 17 and 18, 2008, Plaintiff was assigned to ride with his co-worker, Dan Lowe, from the Defendant's place of business in New Gloucester to a job site in Portland. Mr. Lowe did not take a truck home each day, and therefore

2

selected a truck each morning. Mr. Lowe picked Truck #3 from the Defendant's fleet of trucks on both July 17 and 18, 2008.

The Plaintiff claims that during the ride to Portland the truck exhibited signs of brake problems. Upon arriving at the job site, however, Plaintiff did not call Mr. Estes to arrange for the delivery of a substitute truck, despite the presence of an available phone. During the morning break the Plaintiff again rode in the truck, despite the vibrating brakes. Plaintiff also rode in the truck during the lunch break. At the end of the day Plaintiff rode in the truck back to New Gloucester. The Plaintiff never informed Mr. Estes of the brake problem, nor did he fill out a Problem Report Form. Plaintiff does allege that he overheard Mr. Lowe tell Mr. Estes that the brakes were bad in Truck #3.

On July 18, 2008, the Plaintiff reported to work and was assigned to travel again with Mr. Lowe. Mr. Lowe again chose Truck #3, despite its alleged brake problem. Plaintiff agrees that it would not make sense for Mr. Lowe to choose truck #3 if it had brake problems.

When the Plaintiff learned of his vehicle assignment he told[1] Mr. Estes that he did not think that the brakes were safe. The Plaintiff did not request a spare truck to get to Portland. Mr. Estes responded that they had recently been repaired, and that the brakes may have been rusty, as the truck had been sitting for a while. Plaintiff then told Mr. Estes to take Truck #3 for a test drive, which Mr. Estes, who was busy getting ready for the work day, declined to do at that moment. Mr. Estes then announced to all employees within hearing distance

---

[1] The Plaintiff states that he calmly told Mr. Estes of the brake problem. Mr. Estes claims that Plaintiff screamed, swore, and yelled at him when he informed the Plaintiff that the brakes on the work truck had recently been repaired. Although there is an issue of fact as to when the parties began to yell, this is not a material fact such that summary judgment is precluded.

3

that no one was to give Plaintiff rides to and from work in company vehicles any longer. The conversation escalated, and Plaintiff alleges that Mr. Estes told him to get in the truck and get to Portland. Plaintiff eventually declared he was leaving the work site. Mr. Estes warned Plaintiff that if he walked off the job "he was all done." (D.S.M.F. ¶ 50.) Plaintiff left the job site. When the Plaintiff next reported to work, he was told that he no longer had a job because he had abandoned it the previous workday.

Plaintiff claims that the Defendant terminated his employment for refusing to ride in the work vehicle, in violation of both 26 M.R.S.A. § 833(1)(B) and (D), as well as 5 M.R.S.A. § 4572(1)(A).

Plaintiff filed a claim with the Maine Human Rights Commission and was issued a Right to Sue Letter. Plaintiff filed the current complaint against Defendant on March 15, 2010. On June 21, 2010, this court denied the Defendant's motion to dismiss, finding that further discovery was necessary to provide clarity regarding the events leading up to the Plaintiff's termination. The Defendant filed the pending motion for summary judgment on October 26, 2010.

## DISCUSSION

### I.    Standard of Review.

"Summary judgment is appropriate when review of the parties' statements of material facts and the referenced record evidence, considered in the light most favorable to the non-moving party, indicates that no genuine issue of material fact is in dispute." *Blue Star Corp. v. CKF Props. LLC*, 2009 ME 101, ¶ 23, 980 A.2d 1270, 1276 (citing *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821, 825; *Stanley v. Hancock County Comm'rs*, 2004 ME 157, ¶ 13, 864 A.2d 169,

4

174); *see also* M. R. Civ. P. 56. A party wishing to avoid summary judgment must present a prima facie case for the claim or defense that is asserted. *Reliance National Indemnity v. Knowles Industrial Services*, 2005 ME 29, ¶ 9, 868 A.2d 220, 224-25.

A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 21-22.

## II.     Plaintiff's Claims

The Plaintiff claims that the Defendant violated the Whistleblowers' Protection Act ("WPA) and the Maine Human Rights Act ("MHRA") in its termination of the Plaintiff. *See* 26 M.R.S.A. § 833(1)(B) and (D); 5 M.R.S.A § 4572(1)(A).

The MHRA prohibits employers from discriminating against employees for actions protected under the WPA. *See id.; see also Currie v. Indus. Sec., Inc.*, 2007 ME 12, ¶ 12, 915 A.2d 400, 404. "To prevail on a WPA claim, an employee must show that (1) he engaged in activity protected by the WPA; (2) he experienced an adverse employment action; and (3) a causal connection existed between the protected activity and the adverse employment action." *Stanley v. Hancock County Comm'rs*, 2004 ME 157, ¶ 11, 864 A.2d 169, 173. The WPA prohibits an employer from discharging an employee when:

> B. The employee, acting in good faith, . . . reports to the employer or a public body, orally or in writing, what the employee has reasonable cause to believe is a condition or practice that would put at risk the health or

5

safety of that employee or any other individual . . . . ;

. . .

D. The employee acting in good faith has refused to carry out a directive to engage in activity that would be a violation of a law or rule . . . or that would expose the employee or any individual to a condition that would result in serious injury or death, after having sought and been unable to obtain a correction of the illegal activity or dangerous condition from the employer . . . .

26 M.R.S.A. § 833(1)(B) and (D). The Law Court has adopted the shifting burden approach articulated in *McDonnell Douglas v. Green*, 411 U.S. 792, 802, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973), to employment discrimination claims brought under the MHRA and for Whistleblower proceedings.[2] *DiCentes v. Michaud*, 1998 ME 227, ¶ 14, 719 A.2d 509, 514 (internal citations omitted).

The Plaintiff claims that he has met his burden of proving that he engaged in an activity protected by the WPA by reporting what he believed to be an unsafe vehicle that could have reasonably resulted in serious injury or death. The Plaintiff further asserts that because he was not given an alternative to riding in what he considered to be an unsafe vehicle he was essentially forced to leave the premises and take a personal day. He claims that his employment was terminated as a result of this incident in violation of the WPA. The Defendant moves for summary judgment asserting that the Plaintiff's actions are not

---

[2] In *Stanley*, 2004 ME 157, ¶ 12, 864 A.2d at 174, the Law Court stated:

[A]fter the WPA claimant establishes a prima facie case, the defendant assumes the burden of producing evidence that there was a legitimate, nondiscriminatory reason for the adverse employment action. If the defendant produces evidence of a legitimate, nondiscriminatory reason for the employment action, the employee has the burden to show that the reason offered by the defendant was pretextual; that is, that there was, in fact, a causal connection between the protected activity and the adverse employment action. In the summary judgment context, a plaintiff can meet that final burden and survive a defense motion for a summary judgment by establishing a factual dispute as to whether a causal connection exists between the report protected by the WPA and the adverse employment action.

*Id.* (internal citations and quotations omitted).

protected activities under the WPA as he was fired for employee misconduct, or alternatively, that no causal link exists between his termination and any alleged protected activity.

The court concludes that whether the Plaintiff established a prima facie claim of employment discrimination based on his reporting the truck brakes is tenuous at best. The parties' statement of material facts make it clear that the Defendant was more than willing to repair work vehicles when employees voiced their concerns, would switch vehicles out upon request, and that the vehicle in question was chosen by the Plaintiff's co-worker, despite the Plaintiff's brake concerns. However, as the Plaintiff did report a safety problem, an activity generally protected by the WPA, and his termination, an adverse employment action, followed in close proximity to the reporting, an inference of a causal connection is established. *See Stanley*, 2004 ME 157, ¶ 16, 864 A.2d at 175. Therefore, the court considers whether the Defendant has established a non-discriminatory reason for the Plaintiff's termination. *Id.*

The Defendant asserts that the Plaintiff's employment was terminated for walking off of the job during a workday. The Defendant also cites to the Plaintiff's aggressive conduct during the incident, and the various previous disciplinary actions as support for the Plaintiff's termination. The court concludes that the Defendant has established legitimate reasons for the termination. "This shifts the burden of persuasion to [the Plaintiff] to show that the nondiscriminatory reasons offered by the [Defendant] are pretextual." *Stanley*, 2004 ME 157, ¶ 23, 864 A.2d at 177.

The court concludes, when viewing the facts in a light most favorable to the Plaintiff, as it must do at this stage in the proceedings, that the Plaintiff has

7

met this burden. *Blue Star Corp.*, 2009 ME 101, ¶ 23, 980 A.2d at 1276. The Plaintiff alleges in his statement of material facts that he told Mr. Estes about the brake problem, and that Mr. Estes then "directed the Plaintiff to get in to Truck #3 and go to Portland." (P.A.S.M.F. ¶¶ 6, 11.) The Plaintiff also claims that "[b]ecause Mr. Estes refused to address the issues with Truck #3 and directed Plaintiff to ride in Truck # 3 despite the reported issues, Mr. Theriault took the day off rather than comply with the directive." (P.A.S.M.F. ¶ 14.) Plaintiff asserts that the Defendant's proffered reason for his termination was pretextual, he was not fired for abandoning his job but instead for refusing to comply with a directive in violation of the WPA. (P.A.S.M.F. ¶¶ 14, 16.)

In light of the statement of material facts and record evidence offered by the parties, the court concludes that it is more appropriate for a fact-finder to determine whether the Plaintiff was fired for abandoning his job, as the Defendant claims, or whether he was fired in violation of the WPA. *See Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d at 781; *see also Stanley*, 2004 ME 157, ¶ 24, 864 A.2d at 177 ("[A] plaintiff can meet her or his final burden and survive a defense motion for a summary judgment by establishing a factual dispute as to whether a causal connection exists between the report protected by the WPA and the adverse employment action."); *DiCentes*, 1998 ME 227, ¶ 17, 719 A.2d at 515 ("Judging the credibility of witnesses is within the exclusive province of the factfinder.") (internal citations omitted). Accordingly, the Defendant's motion for summary judgment is denied.

CONCLUSION

The entry is:

8

The Defendant's motion for summary judgment is denied.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATED: 1/5/11

_____
Justice MaryGay Kennedy

DAVID N THERIAULT  - PLAINTIFF

Attorney for: DAVID N THERIAULT
SHANE T WRIGHT  - RETAINED 03/15/2010
ISAACSON & RAYMOND
75 PARK STREET
PO BOX 891
LEWISTON ME 04243-0891

Attorney for: DAVID N THERIAULT
JASON DIONNE  - RETAINED 05/28/2010
ISAACSON & RAYMOND
75 PARK STREET
PO BOX 891
LEWISTON ME 04243-0891


vs
HI TECH INSULATION SERVICES - DEFENDANT

Attorney for: HI TECH INSULATION SERVICES
ROBERT KLINE  - RETAINED 04/16/2010
KLINE LAW OFFICES
75 MARKET ST
PO BOX 7859
PORTLAND ME 04112-7859

SUPERIOR COURT
ANDROSCOGGIN, ss.
Docket No  AUBSC-CV-2010-00049


**DOCKET RECORD**


Filing Document: COMPLAINT                    Minor Case Type: CONSTITUTIONAL/CIVIL RIGHTS
Filing Date: 03/15/2010

## Docket Events:
03/15/2010 FILING DOCUMENT - COMPLAINT FILED ON 03/15/2010

03/15/2010 Party(s):  DAVID N THERIAULT
           ATTORNEY - RETAINED ENTERED ON 03/15/2010
           Plaintiff's Attorney: SHANE T WRIGHT


03/15/2010 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 03/15/2010


04/02/2010 Party(s):  HI TECH INSULATION SERVICES
           SUMMONS/SERVICE - ACCEPTANCE OF SERVICE SERVED ON 03/30/2010
           THROUGH ROBERT KLINE, ESQ.


04/02/2010 Party(s):  HI TECH INSULATION SERVICES
           SUMMONS/SERVICE - ACCEPTANCE OF SERVICE FILED ON 04/02/2010


04/16/2010 Party(s):  HI TECH INSULATION SERVICES
           MOTION - MOTION TO DISMISS FILED ON 04/16/2010
           WITH MEMORANDUM OF LAW, DRAFT ORDER, AND EXHIBIT            REC'D ON
           5/5/2010 PLT'S OPPOSITION                          REC'D ON 5/15/10 DEF'S
           REPLY REC'D WITH CASE LAW


05/06/2010 Party(s):  DAVID N THERIAULT
           MOTION - MOTION/AFFIDAVIT FOR ATTY FEES FILED ON 05/05/2010
           FILED BY SHANE WRIGHT, ESQ.

05/19/2010 Party(s):  HI TECH INSULATION SERVICES
            ATTORNEY - RETAINED ENTERED ON 04/16/2010
            Defendant's Attorney: ROBERT KLINE


05/24/2010 HEARING - MOTION TO DISMISS SCHEDULED FOR 06/10/2010 @ 11:15


06/01/2010 Party(s):  DAVID N THERIAULT
            ATTORNEY - RETAINED ENTERED ON 05/28/2010
            Plaintiff's Attorney: JASON DIONNE


06/11/2010 HEARING - MOTION TO DISMISS HELD ON 06/10/2010
            CARL O BRADFORD , JUSTICE
            Defendant's Attorney: ROBERT KLINE
            Plaintiff's Attorney:  JASON DIONNE
            TAPE 357 INDEX 4117-5483


06/22/2010 Party(s):  HI TECH INSULATION SERVICES
            MOTION - MOTION TO DISMISS DENIED ON 06/21/2010
            CARL O BRADFORD , JUSTICE
            COPIES TO PARTIES/COUNSEL


06/22/2010 Party(s):  DAVID N THERIAULT
            MOTION - MOTION FOR SANCTIONS FILED ON 05/05/2010
            WITH MEMORANDUM OF LAW, DRAFT ORDER, NOTICE OF HEARING


06/22/2010 Party(s):  DAVID N THERIAULT
            MOTION - MOTION FOR SANCTIONS DENIED ON 06/21/2010
            CARL O BRADFORD , JUSTICE
            COPIES TO PARTIES/COUNSEL


06/28/2010 Party(s):  HI TECH INSULATION SERVICES
            RESPONSIVE PLEADING - ANSWER & AFFIRMATIVE DEFENSE FILED ON 06/25/2010


06/28/2010 ORDER - SCHEDULING ORDER ENTERED ON 06/28/2010
            THOMAS E DELAHANTY II, JUSTICE
            ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
            PARTIES/COUNSEL


06/28/2010 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 02/28/2010


08/26/2010 Party(s):  DAVID N THERIAULT
            LETTER - FROM PARTY FILED ON 08/25/2010
            LETTER FROM MATTHEW MASTROGIACOMO, ESQ. RE: ADR


09/15/2010 ADR - NOTICE OF ADR PROCESS/NEUTRAL FILED ON 09/14/2010
            PARTIES ANTICIPATE THAT MEDIATION WILL BE CONDUCTED IN LATE SEPTEMBER EARLY OCTOBER   REC'D
            09-16-10:  MEDIATION SET FOR SEPTEMBER 29, 2010 WITH MELISSA HEWEY, ESQ.


10/28/2010 Party(s):  HI TECH INSULATION SERVICES
            MOTION - MOTION SUMMARY JUDGMENT FILED ON 10/26/2010
            WITH MEMORANDUM OF LAW, DRAFT ORDER, NOTICE OF HEARING REC'D ON 11/19/10 PLT'S OPPOSITION
            REC'D ON 11/29/10 DEF'S REPLY

11/15/2010 Party(s):  DAVID N THERIAULT
          MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 11/12/2010
          PLT'S UNOPPOSED MOTION TO EXTEND DEADLINE TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY
          JUDGMENT.

11/16/2010 Party(s):  DAVID N THERIAULT
          MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 11/16/2010
          MARYGAY  KENNEDY , JUDGE
          COPIES TO PARTIES/COUNSEL

11/17/2010 Party(s):  HI TECH INSULATION SERVICES
          DISCOVERY FILING - RULE 26(G) LETTER FILED ON 11/17/2010

11/22/2010 ORDER - REPORT OF ADR CONF/ORDER ENTERED ON 11/22/2010
          MARYGAY  KENNEDY , JUDGE
          ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
          PARTIES/COUNSEL

11/22/2010 ORDER - REPORT OF ADR CONF/ORDER UNRESOLVED ON 11/22/2010
          MARYGAY  KENNEDY , JUDGE

12/07/2010 Party(s):  DAVID N THERIAULT
          OTHER FILING - OTHER DOCUMENT FILED ON 12/06/2010
          PLT'S RESPONSE TO DEF'S OBJECTIONS TO PLT'S ADDITIONAL STATEMENT OF FACTS PURSUANT TO
          M.R.CIV.P.56(I)(2)

12/10/2010 HEARING - 26(G) CONFERENCE HELD ON 11/22/2010
          MARYGAY  KENNEDY , JUDGE
          DISCOVERY CONFERENCE HELD.  DEFENDANT'S MOTION TO COMPEL DISCOVERY IS GRANTED.  PLAINTIFF
          TO PROVIDE REQUESTED DOCUMENTS NO LATER THAN 30 DAYS.  COPIES TO COUNSEL ON 12-10-10

12/15/2010 HEARING - MOTION SUMMARY JUDGMENT SCHEDULED FOR 01/04/2011 @ 10:15

12/28/2010 Party(s):  DAVID N THERIAULT
          LETTER - FROM PARTY FILED ON 12/28/2010
          LETTER FROM SHANE WRIGHT, ESQ.

01/05/2011 HEARING - MOTION SUMMARY JUDGMENT HELD ON 01/04/2011
          MARYGAY  KENNEDY , JUDGE
          Defendant's Attorney: ROBERT KLINE
          Plaintiff's Attorney:  SHANE T WRIGHT
          TAPE 660 INDEX 1646-2737  MATTER TAKEN UNDER ADVISEMENT

01/07/2011 Party(s):  HI TECH INSULATION SERVICES
          MOTION - MOTION SUMMARY JUDGMENT DENIED ON 01/06/2010
          MARYGAY  KENNEDY , JUDGE
          ORDER FILED. COPIES MAILED TO COUNSEL ON 1-6-11